PROB 12C
Rev 2/03

# United States District Court

## for

## Southern District of Ohio

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: **Damin  Lewis**                                       Case Number: **CR-1-02-104**

Name of Sentencing Judicial Officer:        **The Honorable Herman J. Weber**
**United States Senior District Judge**

Date of Original Sentence: **January 8, 2003**

Original Offense: **Possession of a Firearm by a Convicted Felon, in violation of 18 USC §§ 922(g)(1) and 924(a)(2), a class C felony.**

Original Sentence: **37 months BOP confinement,  3 years supervised release, $500.00 fine, and a $100 special assessment.**

Type of Supervision: **Supervised Release**              Date Supervision Commenced: **April 13, 2005**

Assistant U.S. Attorney: **Timothy D. Oakley, esq.**        Defense Attorney: **Richard Smith-Monahan, esq.**

## PETITIONING THE COURT

[ ]        To issue a warrant
[ ]        To issue an Order to Appear and Show Cause
[X]        To grant an exception to revocation without a hearing.


| Violation Number | Nature of Noncompliance |
|---|---|
| #1 | **Condition #7: You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;**<br><br>The Court granted the exception clause pursuant to 18 USC §3583(d) on March 29, 2006.  Since then, positive lab results for usage of marijuana were received for urine specimens Lewis submitted on March 20, March 27, April 10, July 3, and July 25, 2006. |
| #2 | **Special Condition–The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol.**<br><br>**1)** Lewis was referred to the Crossroads center for outpatient substance abuse treatment.  On May 12, 2006, he was terminated from the Crossroads program for poor attendance.<br><br>**2)** Lewis was referred to the Prospect House long term residential program in |

PROB 12C
Rev 2/03

2

May 2006 for his drug problem. He entered the program on August 9, 2006, and was terminated from the program for violation of program rules on August 23, 2006.


**U.S. Probation Officer Recommendation:**


After the Court granted the modification for the halfway house placement, Talbert House refused to take Lewis into their program based on their past experience with him. As a result, this officer tried to use the Prospect House as a form of a halfway house for the first 90 days of their program which would have restricted Lewis to the facility until he completed phase I of the program. However, he was terminated from the program.

Upon termination from Prospect House, the director called this officer and stated he wanted to work with Lewis on an outpatient basis with a very rigid treatment plan, and Lewis's sponsor helped him get into a long term sobriety, three quarter house at the House of Hope, which he entered on August 25, 2006. The director of Prospect House had a long talk with Lewis, and really wants to try his proposed approach. This officer then spoke with the director of the House of Hope and received information about the program. The program requires abstinence, treatment participation, support group attendance, and random drug testing. They also require employment after the first 30 days. Lewis has signed a treatment contract with the Prospect House and House of Hope, and has followed through with all of his treatment requirements over the last five days without incident.

This officer would like one more opportunity to work with Lewis under the current treatment plan, which requires attendance to several different types of group treatment, individual treatment, culturally specific support group meetings, recovery 12 step work, and drug testing. The treatment counselors involved with him right now are very reputable in the Cincinnati recovery community.

Therefore, based on these factors, this officer is respectfully recommending the Court grant the exception clause a second time, pursuant to 18 USC § 3583(d).


The term of supervision should be:


|  |  |
|---|---|
| [ ] | Revoked. |
| [ ] | Extended for  years, for a total term of  years. |
| [X] | Continued based upon the exception to revocation under 18 USC § 3583(d) |
| [ ] | The conditions of supervision should be modified as follows: |


I declare under penalty of perjury that                    Approved,

the foregoing is true and correct.

Executed on  **August 29, 2006**

by

**Robert C. Frommeyer Jr.**                           **John Cole**
Senior U.S. Probation Officer                         Supervising U.S. Probation Officer

                                                      Date:        **August 29, 2006**

PROB 12C
Rev 2/03

3

RE:    **Damin Lewis**
       **CR-1-02-104**

THE COURT ORDERS:

[ ]    No Action
[ ]    The Court finds that there is probable cause to believe the defendant has violated the conditions of
       his/her probation/supervised release and orders the Issuance of a Warrant for his/her arrest.
[ ]    The Issuance of an Order to Appear and Show Cause
[✔]    The Court finds the defendant can benefit from continued substance abuse treatment and grants an
       exception to revocation. The supervision term of the defendant is continued under all original terms
       and conditions.
[ ]    Other

_____
Signature of Judicial Officer

8/31/06
_____
Date